**State of HAWAII; Ismail Elshikh, Plaintiffs-Appellants,**

**v.**

**Donald J. TRUMP, in his official capacity as President of the United States; U.S. Department of Homeland Security; John F. Kelly, in his official capacity as Secretary of Homeland Security; U.S. Department of State; Rex W. Tillerson, in his official capacity as Secretary of State; United States of America, Defendants-Appellees.**

No. 17-16366

United States Court of Appeals, Ninth Circuit.

FILED JULY 7, 2017

Before: HAWKINS, GOULD, and PAEZ, Circuit Judges.

## ORDER

This is an appeal of the district court's July 6, 2017 denial of Plaintiffs' "Emergency Motion to Clarify Scope of Preliminary Injunction." Plaintiffs requested that the district court "clarify the scope of the Court's June 19, 2017 amended preliminary injunction." The district court denied the clarification motion, explaining that, because it was the Supreme Court—not the district court—that issued the June 26, 2017 order staying in part the district court's preliminary injunction, clarification of the June 26 order must be sought from the Supreme Court. Plaintiffs have filed an emergency motion requesting that this court enjoin the Government from violating the Supreme Court's June 26 order or directing the district court to do so.

■ We lack jurisdiction to address Plaintiffs' appeal of the district court's order denying the motion to clarify the scope of the injunction. This court possesses jurisdiction to review only final judgments and a limited set of interlocutory orders. *See* 28 U.S.C. §§ 1291, 1292(a). The district court's order neither resulted in a final judgment nor engaged in action deemed immediately appealable in 28 U.S.C. § 1292(a). Specifically, the district court's order did not "grant[ ], continu[e],

modify[ ], refus[e], or dissolv[e]" an injunction, or "refus[e] to dissolve or modify" an injunction. *Id.* § 1291(a)(1).

■ Nor do any of the various judicially-crafted bases for appellate jurisdiction apply under these circumstances. Because the "practical effect" of Plaintiffs' requested relief is declaratory in nature—not injunctive—we do not construe their clarification motion before the district court as one for injunctive relief. *See, e.g., Alsea Valley All. v. Dep't of Commerce,* 358 F.3d 1181, 1186 (9th Cir. 2004). And this scenario does not present an order of "practical finality" because—as discussed below—Plaintiffs may seek injunctive relief from the district court. *Cf. Nehmer v. U.S. Dep't of Veterans Affairs,* 494 F.3d 846, 856 n.5 (9th Cir. 2007); *All Alaskan Seafoods, Inc. v. M/V Sea Producer,* 882 F.2d 425, 428 n.2 (9th Cir. 1989).

■ Because we lack jurisdiction to review the district court's order, this appeal is DISMISSED and Plaintiffs' "Emergency Motion under FRAP 8 and Circuit Rule 27-3 for Injunction Pending Appeal" is DENIED as moot.[1]

■ Finally, we note that although the district court may not have authority to *clarify* an order of the Supreme Court, it does possess the ability to interpret and enforce the Supreme Court's order, as well as the authority to enjoin against, for example, a party's violation of the Supreme Court's order placing effective limitations on the scope of the district court's preliminary injunction. *Cf. United States v. El-O-Pathic Pharmacy,* 192 F.2d 62, 79–80 (9th Cir. 1951). But Plaintiffs' motion before the district court was clear: it sought clarification of the Supreme Court's June 26

---

1. Plaintiffs' emergency motion also seeks a writ of mandamus. Because the district court's denial of Plaintiffs' motion for clarification was not clear error, the extraordinary power of mandamus is not appropriate. *See Bauman v. U.S. Dist. Ct.,* 557 F.2d 650, 654–55 (9th Cir. 1977). Plaintiffs' motion for a writ of mandamus is DENIED.

order, not injunctive relief. Because the district court was not asked to grant injunctive relief or to modify the injunction, we do not fault it for not doing so.

IT IS SO ORDERED.